

Feb 28 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61178-CIV-HUCK/TURNOFF

PETER LETTERESE AND ASSOCIATES, INC.,
a Florida Corporation,

        Plaintiff,

vs.

WORLD INSTITUTE OF SCIENTOLOGY ENTERPRISES
INTERNATIONAL, INC.,
RELIGIOUS TECHNOLOGY CENTER, INC.,
CHURCH OF SCIENTOLOGY INTERNATIONAL,
INC., and BRIDGE PUBLICATIONS, INC., all California
corporations, CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, a Florida corporation, NEW
ERA PUBLICATIONS INTERNATIONAL, a Foreign
corporation, SCIENTOLOGY MISSIONS
INTERNATIONAL, CHURCH OF SPIRITUAL
TECHNOLOGY, CHURCH OF SCIENTOLOGY
MISSION OF FORT LAUDERDALE, INC., and CHURCH
OF SCIENTOLOGY OF FLORIDA, both Florida
corporations, and DOES 1-3200,

        Defendants.
_____ /

### DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S
### ANSWER TO FIRST AMENDED COMPLAINT

Defendant Church of Scientology International ("CSI" or "Defendant") responds to the First

Amended Complaint as follows:

**JURISDICTION AND VENUE**

1.    Admitted.

2. CSI is not challenging the Court's exercise of personal jurisdiction. CSI denies the legal conclusions of this paragraph. To the extent these allegations are not directed to CSI, it is therefore not required to respond.

**THE PARTIES**

3. CSI lacks knowledge sufficient to form a belief with respect to the allegations of this paragraph, which it therefore denies.

4. To the extent any allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

5. To the extent any allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

6. CSI admits that it is a non-profit corporation duly organized under the laws of the state of California having an office at 6331 Hollywood Boulevard, Los Angeles, California 90028. Otherwise, denied.

7. These allegations are not directed at CSI, and it therefore is not required to respond.

8. To the extent any allegations are directed to CSI, CSI denies those allegations. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

9. To the extent any allegations are directed to CSI, CSI denies those allegations. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

10. These allegations are not directed at CSI, and it therefore is not required to respond.

11. To the extent any allegations are directed to CSI, CSI denies those allegations. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

12. To the extent any allegations are directed to CSI, CSI denies those allegations. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

13. To the extent any allegations are directed to CSI, CSI denies those allegations. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

14. These allegations are not directed to CSI, and it therefore is not required to respond.

15. To the extent any allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

16. CSI admits there are about 3,200 churches, missions and groups that are affiliated with the Scientology religion. To the extent other allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

17. Denied.

18. CSI denies this allegation because it is vague and ambiguous, and it is impossible to determine whose activities are referenced or how "substantial" is defined.

19. This allegation is not directed to CSI, and it therefore is not required to respond.

20. This allegation is not directed to CSI, and it therefore is not required to respond.

## FACTS COMMON TO ALL CLAIMS

21. CSI lacks knowledge sufficient to form a belief with respect to the allegations of this paragraph, which it therefore denies.

22.     CSI admits that Les Dane authored a book originally entitled *Big League Sales Closing Techniques* and that the title of that book was changed to *Surefire Sales Closing Techniques* at some later date.  CSI admits that Exhibit B to the First Amended Complaint purports to be a renewal registration for this book.  Otherwise, CSI lacks knowledge sufficient to form a belief with respect to the remaining allegations of this paragraph, which it therefore denies.

23.     CSI admits that Exhibit C to the First Amended Complaint purports to contain an agreement between Peter Letterese & Associates ("PLA") and Lois Dane.  CSI lacks knowledge sufficient to form a belief with respect to the other allegations of this paragraph, which it therefore denies.

24.     CSI admits that Exhibit D to the First Amended Complaint purports to contain an agreement between PLA and Lois Dane.  CSI lacks knowledge sufficient to form a belief with respect to the other allegations of this paragraph, which it therefore denies.

25.     CSI lacks knowledge sufficient to form a belief with respect to the allegations of this paragraph, which it therefore denies.

26.     CSI lacks knowledge sufficient to form a belief with respect to the allegations of this paragraph, which it therefore denies.

27.     CSI lacks knowledge sufficient to form a belief with respect to the allegations of this paragraph, which it therefore denies.

**DEFENDANT WISE'S INFRINGING SKILLS MATERIALS AND COURSE**

28.     These allegations are not directed to CSI, and it is therefore not required to respond.  To the extent it is required to respond, CSI denies the allegations of this paragraph.

29.     These allegations are not directed to CSI, and it is therefore not required to respond.  To the extent it is required to respond, CSI denies the allegations of this paragraph.

30. These allegations are not directed to CSI, and it is therefore not required to respond. To the extent it is required to respond, CSI denies the allegations of this paragraph.

31. These allegations are not directed to CSI, and it is therefore not required to respond. To the extent it is required to respond, CSI denies the allegations of this paragraph.

32. These allegations are not directed to CSI, and it is therefore not required to respond. To the extent it is required to respond, CSI denies the allegations of this paragraph.

33. The allegations directed to CSI are denied. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

34. CSI admits it has received communications from Plaintiff regarding the allegedly infringed material. CSI denies Plaintiff's characterization of those communications and CSI's responses thereto. To the extent any other allegations are directed to CSI, CSI denies those allegations. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

35. The allegations directed to CSI are denied. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

36. These allegations are not directed to CSI, and it is therefore not required to respond. To the extent it is required to respond, CSI denies the allegations of this paragraph.

37. These allegations are not directed to CSI, and it is therefore not required to respond. To the extent it is required to respond, CSI denies the allegations of this paragraph.

38. Denied.

39. These allegations are not directed to CSI, and it is therefore not required to respond. To the extent it is required to respond, CSI denies the allegations of this paragraph.

40. To the extent any allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

41. To the extent any allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

42. To the extent any allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

43. These allegations are not directed to CSI, and it therefore is not required to respond.

44. (first)[*]   To the extent any allegations are directed to CSI, CSI denies those allegations. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

44. (second)   To the extent any allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

44a. Denied.

45. To the extent any allegations are directed to CSI, CSI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

---

[*] The First Amended Complaint contains two paragraphs numbered "44" and one paragraph numbered "44a." For consistency, CSI repeats that numbering here.

6

46. To the extent any allegations are directed to CSI, CSI denies those allegations. To the extent any allegations are not directed to CSI, it is therefore not required to respond.

## FIRST CLAIM FOR RELIEF

47. CSI repeats and realleges its responses to paragraphs 1 through 46 as if fully set forth herein.

48. CSI lacks knowledge sufficient to form a belief with respect to the allegations of this paragraph, which it therefore denies.

49. CSI admits that Les Dane is the author of *Surefire Sales Closing Techniques*. CSI lacks knowledge sufficient to form a belief with respect to the other allegations of this paragraph, which it therefore denies.

50. CSI lacks knowledge sufficient to form a belief with respect to the allegations of this paragraph, which it therefore denies.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

7

61. Denied.

62. CSI admits that PLA is seeking a declaration by the Court as to the rights of the respective parties in this matter. Otherwise, denied.

## SECOND CLAIM FOR RELIEF

63. CSI repeats and realleges its responses to paragraphs 1 through 62 as if fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. CSI admits that PLA is seeking damages. Otherwise, denied.

## THIRD CLAIM FOR RELIEF

72. CSI repeats and realleges its responses to paragraphs 1 through 71 as if fully set forth herein.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

8

78. Denied.

79. Denied.

80. Denied.

81. CSI admits that PLA is seeking a declaration by the Court as to the rights of the respective parties in this matter. Otherwise, denied.

## FOURTH CLAIM FOR RELIEF

82. CSI repeats and realleges its responses to paragraphs 1 through 81 as if fully set forth herein.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. CSI admits that PLA is seeking damages. Otherwise, denied.

## FIFTH CLAIM FOR RELIEF

90-94. This claim is not directed to CSI. In an abundance of caution, CSI has joined in the Motion to Dismiss filed by World Institute of Scientology Enterprises as to this claim, and so defers any responses to these allegations, should they be necessary, until the resolution of that motion.

95. All allegations not specifically admitted are denied.

9

## DEFENSES

### FIRST DEFENSE

Plaintiff lacks standing to bring this action on behalf of the copyright owner.

### SECOND DEFENSE

Plaintiff lacks standing to bring this action in its own capacity.

### THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of abandonment.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### NINTH DEFENSE

Plaintiff's claims are barred because any acts of Defendant alleged to infringe any copyrighted work constitute a protected fair use of that work.

### TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

10

## ELEVENTH DEFENSE

Plaintiff's claims are barred because the material allegedly infringed is not protected by copyright.

## TWELFTH DEFENSE

Plaintiff's claims are barred because Defendant's conduct is protected by 17 U.S.C. § 109.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff or its predecessors have not complied with the registration requirements necessary to bring an action for infringement.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff or its predecessors granted Defendant a license through its conduct, oral representations, or written representations.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred for failure to join indispensable parties.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred for failure to serve notice of this action upon any person whose interest is likely to be affected by a decision in this case, as mandated by 17 U.S.C. § 501(b).

## SEVENTEENTH DEFENSE

Plaintiff has suffered no injury.

## EIGHTEENTH DEFENSE

Any injury sustained by Plaintiff was caused in whole or in part by its own conduct.

## NINETEENTH DEFENSE

Any injury sustained by Plaintiff was not caused by Defendant's alleged acts or omissions complained of.

## TWENTIETH DEFENSE

If Defendant infringed any copyright, such infringement was unknowing and innocent.

WHEREFORE, Defendant Church of Scientology International prays:

1. That Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its attorney fees and costs incurred in defense of this action;

3. And for such other and further relief as the Court deems proper.

*February 28, 2005*

Respectfully submitted,

*s/. Thomas Meeks*                                *s/. Helena Kobrin*
Thomas Meeks, Esq.                           Helena K. Kobrin, Esq.
Fla. Bar No. 314323                              Fla. Bar No. 0259713
**ZUCKERMAN SPAEDER LLP**             **MOXON & KOBRIN**
Miami Center, Suite 900                       3055 Wilshire Blvd., Suite 900
201 So. Biscayne Boulevard                 Los Angeles, California 90010
Miami, Florida 33131-4326                   Telephone: (213) 487-4468
Telephone: (305) 358-5000                   Facsimile: (213) 487-5385
Facsimile: (305) 579-9749
.

*Attorneys for Defendant*
*Church of Scientology International*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail, this 28th day of February, 2005, on counsel for plaintiff: Dale Paul DiMaggio, Esq., Malin Haley & DiMaggio, 1936 S. Andrews Avenue, Fort Lauderdale, Florida 33316, and David L. Hoffman, Esq., Law Offices, 27023 McBean Parkway, Suite 422, Valencia, California 91355; and on counsel for Religious Technology Center and the Church of Spiritual Technology: Michael Nachwalter, Esq., Kenny Nachwalter, P.A., 1100 Miami Center, 201 South Biscayne Blvd., Miami, Florida 33131.

*s/. Thomas Meeks*
Thomas Meeks