

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61178-CIV-HUCK/TURNOFF

PETER LETTERESE AND ASSOCIATES, INC.,
a Florida Corporation,

        Plaintiff,

vs.

WORLD INSTITUTE OF SCIENTOLOGY
ENTERPRISES INTERNATIONAL, INC.,
RELIGIOUS TECHNOLOGY CENTER, INC.,
CHURCH OF SCIENTOLOGY INTERNATIONAL,
INC., and BRIDGE PUBLICATIONS, INC., all California
corporations, CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, a Florida corporation, NEW
ERA PUBLICATIONS INTERNATIONAL, a Foreign
corporation, SCIENTOLOGY MISSIONS
INTERNATIONAL, CHURCH OF SPIRITUAL
TECHNOLOGY, CHURCH OF SCIENTOLOGY
MISSION OF FORT LAUDERDALE, INC., and
CHURCH OF SCIENTOLOGY OF FLORIDA, both
Florida corporations, and DOES 1-3200,

        Defendants.

_____/

## DEFENDANT BRIDGE PUBLICATIONS, INC.'S
## ANSWER TO FIRST AMENDED COMPLAINT

    Defendant Bridge Publications, Inc. ("BPI") responds to the First Amended Complaint as follows:

### JURISDICTION AND VENUE

    1.    Admitted.

    2.    BPI is not challenging the Court's exercise of personal jurisdiction. BPI denies the legal conclusions of this paragraph. To the extent these allegations are not directed to BPI, it is therefore not required to respond.

## **THE PARTIES**

3. BPI lacks sufficient knowledge to form a belief with respect to the allegations of this paragraph, which it therefore denies.

4. To the extent any allegations are directed to BPI, BPI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

5. To the extent any allegations are directed to BPI, BPI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

6. These allegations are not directed at BPI, and it is therefore not required to respond.

7. BPI admits that it is a non-profit corporation duly organized under the laws of the state of California with its principal place of business at 4751 Fountain Ave., Los Angeles, California 90029. BPI also admits that it publishes some materials created by CSI. Otherwise, denied.

8. To the extent any allegations are directed to BPI, BPI denies those allegations. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

9. To the extent any allegations are directed to BPI, BPI denies those allegations. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

10. These allegations are not directed at BPI, and it is therefore not required to respond.

11. To the extent any allegations are directed to BPI, BPI denies those allegations. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

12. To the extent any allegations are directed to BPI, BPI denies those allegations. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

13. To the extent any allegations are directed to BPI, BPI denies those allegations. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

14. These allegations are not directed to BPI, and it is therefore not required to respond.

15. These allegations are not directed to BPI, and it is therefore not required to respond.

16. To the extent allegations are directed to BPI, BPI denies those allegations because they are vague and ambiguous. To the extent allegations are not addressed to BPI, it is therefore not required to respond.

17. Denied.

18. This allegation is not directed to BPI, and it is therefore not required to respond.

19. This allegation is not directed to BPI, and it is therefore not required to respond.

20. This allegation is not directed to BPI, and it is therefore not required to respond.

## FACTS COMMON TO ALL CLAIMS

21. BPI lacks knowledge sufficient to form a belief with respect to the allegations of this paragraph, which it therefore denies.

22. BPI admits that Les Dane authored a book on sales techniques which was originally entitled *Big League Sales Closing Techniques* and that the title of that book changed to *Surefire Sales Closing Techniques* ("the book") at some later date. BPI also admits that Exhibit B to the First Amended Complaint appears to be a renewal registration for the book. Otherwise,

3

BPI lacks knowledge sufficient to form a belief with respect to the remaining allegations of this paragraph, which it therefore denies.

23. BPI admits that Exhibit C to the First Amended Complaint purports to contain an agreement between PLA and Lois Dane. BPI lacks sufficient knowledge to form a belief with respect to the other allegations of this paragraph, which it therefore denies.

24. BPI admits that Exhibit D to the First Amended Complaint purports to contain an agreement between PLA and Lois Dane. BPI lacks knowledge sufficient to form a belief with respect to the other allegations of this paragraph, which it therefore denies.

25. BPI lacks knowledge sufficient to respond with respect to the allegations of this paragraph, which it therefore denies.

26. BPI lacks knowledge sufficient to respond with respect to the allegations made in this paragraph, which it therefore denies.

27. BPI lacks knowledge sufficient to respond with respect to the allegations made in this paragraph, which it therefore denies.

## DEFENDANT WISE'S INFRINGING SKILLS MATERIALS AND COURSE

28. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond. To the extent BPI is required to respond, BPI denies the allegations of this paragraph.

29. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond. To the extent BPI is required to respond, BPI denies the allegations of this paragraph.

30. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond. To the extent BPI is required to respond, BPI denies the allegations of this paragraph.

31. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond. To the extent BPI is required to respond, BPI denies the allegations of this paragraph.

32. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond. To the extent BPI is required to respond, BPI denies the allegations of this paragraph.

33. To the extent the allegations of this paragraph are not directed to BPI, it is not required to respond. To the extent BPI is requires to respond, BPI denies the allegations of this paragraph.

34. BPI admits it has received communications from Plaintiff regarding the allegedly infringing material. BPI denies Plaintiff's characterization of those communications and BPI's responses thereto. To the extent any other allegations are directed to BPI, BPI denies those allegations. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

35. The allegations directed to BPI are denied. To the extent allegations are not directed to BPI, it is not required to respond.

36. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond. To the extent BPI is required to respond, BPI denies the allegations of this paragraph.

37. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond. To the extent BPI is required to respond, BPI denies the allegations of this paragraph.

38. Denied.

39. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond. To the extent BPI is required to respond, BPI denies the allegations of this paragraph.

40. To the extent any allegations are directed to BPI, BPI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

41. To the extent any allegations are directed to BPI, BPI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

42. To the extent any allegations are directed to BPI, BPI denies those allegations because they are vague and ambiguous. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

43. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond.

44. (first)[*] To the extent any allegations are directed to BPI, BPI denies those allegations. To the extent any allegations are not directed to BPI, it is therefore not required to respond.

---

[*] The First Amended Complaint contains two paragraphs numbered "44" and one paragraph numbered "44a." For consistency, BPI repeats that numbering here.

6

44. (second)  To the extent any allegations are directed to BPI, BPI denies those allegations because they are vague and ambiguous.  To the extent any allegations are not directed to BPI, it is therefore not required to respond.

44a. The allegations of this paragraph are not directed to BPI, and it is therefore not required to respond.

45. To the extent any allegations are directed to BPI, BPI denies those allegations because they are vague and ambiguous.  To the extent any allegations are not directed to BPI, it is therefore not required to respond.

46. To the extent any allegations are directed to BPI, BPI denies those allegations.  To the extent any allegations are not directed to BPI, it is therefore not required to respond.

## FIRST CLAIM FOR RELIEF

47-62. This claim is not directed to BPI, and it is therefore not required to respond.

## SECOND CLAIM FOR RELIEF

63. BPI repeats and realleges its responses to paragraphs 1 through 62 as if fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. BPI admits that PLA is seeking damages.  Otherwise, denied.

## THIRD CLAIM FOR RELIEF

72. BPI repeats and realleges its responses to paragraphs 1 through 71 as if fully set forth herein.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. BPI admits that PLA is seeking a declaration by the Court as to the rights of the respective parties in this matter. Otherwise, denied.

## FOURTH CLAIM FOR RELIEF

82. BPI repeats and realleges its responses to paragraphs 1 through 81 as if fully set forth herein.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. BPI admits that PLA is seeking damages. Otherwise, denied.

8

## FIFTH CLAIM FOR RELIEF

90-94.  This claim is not directed to BPI, and it is therefore not required to respond.

95.  All allegations not specifically admitted are denied.

## **DEFENSES**

### FIRST DEFENSE

Plaintiff lacks standing to bring this action on behalf of the copyright owner.

### SECOND DEFENSE

Plaintiff lacks standing to bring this action in its own capacity.

### THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of abandonment.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### NINTH DEFENSE

Plaintiff's claims are barred because any acts of Defendant alleged to infringe any copyrighted work constitute a protected fair use of that work.

### TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because the material allegedly infringed is not protected by copyright.

### TWELFTH DEFENSE

Plaintiff's claims are barred because Defendant's conduct is protected by 17 U.S.C. § 109.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff or its predecessors have not complied with the registration requirements necessary to bring an action for infringement.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff or its predecessors granted Defendant a license through its conduct, oral representations, or written representations.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred for failure to join indispensable parties.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred for failure to serve notice of this action upon any person whose interest is likely to be affected by a decision in this case, as mandated by 17 U.S.C. § 501(b).

### SEVENTEENTH DEFENSE

Plaintiff has suffered no injury.

### EIGHTEENTH DEFENSE

Any injury sustained by Plaintiff was caused in whole or in part by its own conduct.

### NINETEENTH DEFENSE

Any injury sustained by Plaintiff was not caused by Defendant's alleged acts or omissions complained of.

### TWENTIETH DEFENSE

If Defendant infringed any copyright, such infringement was unknowing and innocent.

WHEREFORE, Defendant Bridge Publications, Inc. prays that:

1. Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2. Defendant be awarded its attorney fees and costs incurred in defense of this action;

3. For such other and further relief as the Court deems proper.

*February 28, 2005*

11

Respectfully submitted,

| *s/. Thomas Meeks* | *s/. Helena Kobrin* |
|---|---|
| Thomas Meeks, Esq. | Helena K. Kobrin, Esq. |
| Fla. Bar No. 314323 | Fla. Bar No. 0259713 |
| **ZUCKERMAN SPAEDER LLP** | **MOXON & KOBRIN** |
| Miami Center, Suite 900 | 3055 Wilshire Blvd., Suite 900 |
| 201 So. Biscayne Boulevard | Los Angeles, California 90010 |
| Miami, Florida 33131-4326 | Telephone: (213) 487-4468 |
| Telephone: (305) 358-5000 | Facsimile: (213) 487-5385 |
| Facsimile: (305) 579-9749 | |

*Attorneys for Defendant*
*Bridge Publications, Inc.*

12

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail, this 28th day of February, 2005, on counsel for plaintiff: Dale Paul DiMaggio, Esq., Malin Haley & DiMaggio, 1936 S. Andrews Avenue, Fort Lauderdale, Florida 33316, and David L. Hoffman, Esq., Law Offices, 27023 McBean Parkway, Suite 422, Valencia, California 91355; and on counsel for Religious Technology Center and the Church of Spiritual Technology: Michael Nachwalter, Esq., Kenny Nachwalter, P.A., 1100 Miami Center, 201 South Biscayne Blvd., Miami, Florida 33131.

                                                               *s/. Thomas Meeks*
                                                               Thomas Meeks