FILED by _____ D.C.
ELECTRONIC

Feb 28 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61178-CIV-HUCK/TURNOFF

PETER LETTERESE AND ASSOCIATES, INC.,
a Florida Corporation,

       Plaintiff,

vs.

WORLD INSTITUTE OF SCIENTOLOGY
ENTERPRISES INTERNATIONAL, INC.,
RELIGIOUS TECHNOLOGY CENTER, INC.,
CHURCH OF SCIENTOLOGY INTERNATIONAL,
INC., and BRIDGE PUBLICATIONS, INC., all
California corporations, CHURCH OF
SCIENTOLOGY FLAG SERVICE ORGANIZATION, a
Florida corporation, NEW ERA PUBLICATIONS
INTERNATIONAL, a Foreign corporation,
SCIENTOLOGY MISSIONS INTERNATIONAL,
CHURCH OF SPIRITUAL TECHNOLOGY, CHURCH
OF SCIENTOLOGY MISSION OF FORT
LAUDERDALE, INC., and CHURCH OF
SCIENTOLOGY OF FLORIDA, both Florida corporations,
and DOES 1-3200,

       Defendants.
_____/

**DEFENDANT CHURCH OF SPIRITUAL TECHNOLOGY'S**
**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Church of Spiritual Technology ("CST" or "Defendant") responds to the First

Amended Complaint as follows:

**JURISDICTION AND VENUE**

1.     Admitted.

61/nt

CASE NO. 04-61178-CIV-HUCK/TURNOFF

2. CST does not admit the legal conclusions stated in this paragraph, but is not challenging the Court's personal jurisdiction over CST. With respect to the remaining defendants, this allegation is not directed to CST, and it is therefore not required to respond.

**THE PARTIES**

3. CST lacks sufficient knowledge to form a belief with respect to the truth of the allegations made in this paragraph and therefore denies the allegations made therein.

4. To the extent these allegations are directed to CST, they are denied because they are vague and ambiguous. To the extent these allegations are not directed to CST, it is not required to respond.

5. To the extent these allegations are directed to CST, they are denied because they are vague and ambiguous. To the extent these allegations are not directed to CST, it is not required to respond.

6. This allegation is not directed to CST and it is therefore not required to respond.

7. This allegation is not directed to CST and it is therefore not required to respond.

8. This allegation is not directed to CST and it is therefore not required to respond.

9. This allegation is not directed to CST and it is therefore not required to respond.

10. This allegation is not directed to CST and it is therefore not required to respond.

11. CST admits that it is a non-profit corporation duly organized under the laws of the state of California having an office at 419 N. Larchmont Blvd., Los Angeles, California 90004. Otherwise, to the extent the remaining allegations relate to CST, they are denied.

12. This allegation is not directed to CST and it is therefore not required to respond.

**CASE NO. 04-61178-CIV-HUCK/TURNOFF**

13. This allegation is not directed to CST and it is therefore not required to respond.

14. This allegation is not directed to CST and it is therefore not required to respond.

15. This allegation is not directed to CST and it is therefore not required to respond.

16. CST admits there are about 3,200 churches, missions and groups that are affiliated with the Scientology religion. Otherwise, the remaining allegations of this paragraph are too vague and confusing to enable CST to form a belief as to the truth of the allegations and CST therefore denies the allegations made therein.

17. Denied.

18. This allegation is not directed to CST and it is therefore not required to respond.

19. This allegation is not directed to CST and it is therefore not required to respond.

20. This allegation is not directed to CST and it is therefore not required to respond.

**FACTS COMMON TO ALL CLAIMS**

21. CST lacks sufficient knowledge to form a belief with respect to the truth of the allegations made in this paragraph and therefore denies the allegations made therein.

22. CST admits that Les Dane authored a book on sales techniques which was originally entitled *Big League Sales Closing Techniques* and that the title of that book changed to *Surefire Sales Closing Techniques* ("the book") at some later date. CST also admits that Exhibit B appears to be a renewal registration for the book. Otherwise, CST lacks sufficient knowledge to form a belief with respect to the truth of the remaining allegations in this paragraph, and therefore, denies the remaining allegations made therein.

**CASE NO. 04-61178-CIV-HUCK/TURNOFF**

23. CST admits that Exhibit C to the First Amended Complaint purports to contain an agreement between Peter Letterese & Associates ("PLA") and Lois Dane. Otherwise, CST lacks sufficient knowledge to form a belief with respect to the truth of allegations made in this paragraph and therefore denies the allegations made therein.

24. CST admits that Exhibit D to the First Amended Complaint purports to contain an agreement between PLA and Lois Dane. Otherwise, CST lacks sufficient knowledge to form a belief with respect to the truth of allegations made in this paragraph and therefore denies the allegations made therein.

25. CST lacks sufficient knowledge to respond with respect to the truth of the allegations made in this paragraph and therefore denies the allegations made therein.

26. CST lacks sufficient knowledge to respond with respect to the truth of the allegations made in this paragraph and therefore denies the allegations made therein.

27. CST lacks sufficient knowledge to respond with respect to the truth of the allegations made in this paragraph and therefore denies the allegations made therein.

### **DEFENDANT WISE'S INFRINGING SKILLS MATERIALS AND COURSE**

28. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

29. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

CASE NO. 04-61178-CIV-HUCK/TURNOFF

30. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

31. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

32. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

33. The allegations of this paragraph are not directed to CST, therefore it is not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

34. To the extent the allegations of this paragraph are not directed to CST, it is not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

35. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

36. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

**CASE NO. 04-61178-CIV-HUCK/TURNOFF**

37. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond. To the extent that a response is required, CST denies the allegations contained in this paragraph.

38. Denied.

39. This allegation is not directed to CST and it is therefore not required to respond.

40. The allegations of this paragraph are too vague and confusing to enable CST to form a belief as to the truth of the allegations, and CST therefore denies the allegations made therein.

41. To the extent these allegations are directed to CST, they are denied because they are vague and ambiguous. To the extent these allegations are not directed to CST, it is not required to respond.

42. Denied.

43. CST admits it receives royalties from WISE with respect to the works of L. Ron Hubbard. Otherwise, denied.

44. (First) Denied.[1]

44. (Second) To the extent these allegations are directed to CST, they are denied because they are vague and ambiguous. To the extent these allegations are not directed to CST, it is not required to respond.

44a. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond.

---

[1] There are two paragraphs in the First Amended Complaint numbered "44" and one numbered "44a." For consistency, CST repeats that numbering here.

6

CASE NO. 04-61178-CIV-HUCK/TURNOFF

45. The allegations of this paragraph are not directed to CST, and it is therefore not required to respond.

46. Denied.

## FIRST CLAIM FOR RELIEF

47. CST repeats and realleges its responses to paragraphs 1 through 46 as if fully set forth herein.

48. CST lacks sufficient knowledge to form a belief with respect to the truth of the allegations made in this paragraph and therefore denies the allegations made therein.

49. CST admits that Les Dane is the author of the Dane *Surefire* book but lacks sufficient knowledge to form a belief with respect to the truth of the remaining allegations made in this paragraph and therefore denies those allegations.

50. CST lacks sufficient knowledge to form a belief with respect to the truth of the allegations made in this paragraph and therefore denies the allegations made therein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**CASE NO. 04-61178-CIV-HUCK/TURNOFF**

59. Denied.

60. Denied.

61. Denied.

62. CST admits that PLA is seeking a declaration by the Court as to the rights of the respective parties in this matter. Otherwise, denied.

## SECOND CLAIM FOR RELIEF

63. CST repeats and realleges its responses to paragraphs 1 through 62 as if fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. CST admits that PLA is seeking damages. Otherwise, denied.

## THIRD CLAIM FOR RELIEF

72. CST repeats and realleges its responses to paragraphs 1 through 71 as if fully set forth herein.

73. Denied.

74. Denied.

8

**CASE NO. 04-61178-CIV-HUCK/TURNOFF**

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. CST admits that PLA is seeking a declaration by the Court as to the rights of the respective parties in this matter. Otherwise, denied.

## FOURTH CLAIM FOR RELIEF

82. CST repeats and realleges its responses to paragraphs 1 through 81 as if fully set forth herein.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. CST admits that PLA is seeking damages. Otherwise, denied.

9

CASE NO. 04-61178-CIV-HUCK/TURNOFF

## FIFTH CLAIM FOR RELIEF

90-94.   To the extent that this claim is asserted against CST, CST has joined in the Motion to Dismiss filed by WISE as to this claim and therefore is not required to respond to the allegations contained in these paragraphs at this time.

95.   All allegations not specifically admitted are denied.

## DEFENSES

### FIRST DEFENSE

Plaintiff lacks standing to bring this action on behalf of the copyright owner.

### SECOND DEFENSE

Plaintiff lacks standing to bring this action in its own capacity.

### THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of abandonment.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

CASE NO. 04-61178-CIV-HUCK/TURNOFF

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### NINTH DEFENSE

Plaintiff's claims are barred because any acts of Defendant alleged to have infringed any copyrighted work constitute a protected fair use of that work.

### TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because the material allegedly infringed is not protected by copyright.

### TWELFTH DEFENSE

Plaintiff's claims are barred because Defendant's conduct is protected by 17 U.S.C. § 109.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff or its predecessors have not complied with the registration requirements necessary to bring an action for infringement.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff or its predecessors granted Defendant a license through its conduct, oral representations, or written representations.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred for failure to join indispensable parties.

**CASE NO. 04-61178-CIV-HUCK/TURNOFF**

### SIXTEENTH DEFENSE

Plaintiff's claims are barred for failure to serve notice of this action upon any person whose interest is likely to be affected by a decision in this case, as mandated by 17 U.S.C. § 501(b).

### SEVENTEENTH DEFENSE

Plaintiff has suffered no injury.

### EIGHTEENTH DEFENSE

Any injury sustained by Plaintiff was caused in whole or in part by its own conduct.

### NINETEENTH DEFENSE

Any injury sustained by Plaintiff was not caused by Defendant's alleged acts or omissions complained of.

### TWENTIETH DEFENSE

To the extent that Defendant infringed any copyright, such infringement was unknowing and innocent.

WHEREFORE, CST prays that:

1. Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2. Defendant be awarded its attorney fees and costs incurred in defense of this action; and

3. For such other and further relief as the Court deems proper.

CASE NO. 04-61178-CIV-HUCK/TURNOFF

Dated:  February 28, 2005                    Respectfully submitted,

/s/ Michael Nachwalter
Michael Nachwalter, Esq. (FL Bar No. 99989)
Elizabeth B. Honkonen, Esq. (FL Bar No. 0149403)
KENNY NACHWALTER, P.A.
1100 Miami Center
201 So. Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: 305-373-1000
Facsimile: 305-372-1861

*Attorneys for Defendants Religious Technology Center and Church of Spiritual Technology*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was served by facsimile and U.S. Mail on February 28, 2005, on all other counsel of record on the attached Service List.

/s/ Michael Nachwalter

## SERVICE LIST
Case No. 04-61178-CIV-HUCK/TURNOFF

Dale Paul DiMaggio, Esq.
MALIN HALEY & DIMAGGIO
1936 S. Andrews Ave.
Ft. Lauderdale, FL 33316
Telephone:     954-763-3303
Facsimile:     954-522-6507

David L. Hoffman, Esq.
LAW OFFICES OF DAVID L. HOFFMAN
27023 McBan Parkway
Suite 422
Valencia, CA 91355
Telephone:     661-775-0300
Facsimile:     661-259-1255

*Attorneys for Plaintiff Peter Letterese and Associates, Inc.*

Thomas Meeks, Esq.
ZUCKERMAN SPAEDER LLP
201 South Biscayne Blvd., Suite 900
Miami, FL 33131
Telephone:     305-358-5000
Facsimile:     305-579-9749

Helena K. Kobrin, Esq.
MOXON & KOBRIN
1100 Cleveland St., Suite 900
Clearwater, FL 33755
Telephone:     727-443-5620
Facsimile:     727-443-5640

*Attorneys for Defendants World Institute of Scientology Enterprises International, Inc., Bridge Publications, Inc., Church of Scientology International, Church of Scientology Flag Service Organization, Church of Scientology Mission of Fort Lauderdale, Inc., and Church of Scientology of Florida*

Michael Nachwalter, Esq.
Elizabeth B. Honkonen, Esq.
KENNY NACHWALTER, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone:     305-373-1000
Facsimile:          305-372-1861

*Attorneys for Defendant Religious Technology Center and Church of Spiritual Technology*