UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-61178-CIV-HUCK

PETER LETTERESE AND )
ASSOCIATES, INC., )
a Florida corporation, )
)
Plaintiff, )
vs. )
)
WORLD INSTITUTE OF SCIENTOLOGY )
ENTERPRISES INTERNATIONAL, INC., RELIGIOUS )
TECHNOLOGY CENTER, INC., CHURCH OF )
SCIENTOLOGY INTERNATIONAL, INC., and BRIDGE )
PUBLICATIONS INCORPORATED, all California )
corporations, CHURCH OF SCIENTOLOGY FLAG )
SERVICE ORGANIZATION, a Florida corporation, NEW )
ERA PUBLICATIONS INTERNATIONAL, a foreign )
corporation, CHURCH OF SCIENTOLOGY, MISSION )
OF FORT LAUDERDALE, INC., AND CHURCH OF )
SCIENTOLOGY OF FLORIDA, both Florida corporations, )
SCIENTOLOGY MISSIONS INTERNATIONAL, INC., )
CHURCH OF SPIRITUAL TECHNOLOGY and DOES 1- )
3200, )
)
Defendants. )
)



## PLAINTIFF PETER LETTERESE AND ASSOCIATES, INC.'S STATEMENT OF UNDISPUTED FACTS RE MOTION FOR SUMMARY JUDGMENT

Plaintiff Peter Letterese and Associates, Inc. ("PL&A") submits this

Statement of Undisputed Facts and Conclusions of Law in support of its motion

for partial summary adjudication under FRCP[1] 56 as follows:

---

[1] FRCP refers to Federal Rule of Civil Procedure

- 1 -



## UNDISPUTED FACTS

1.      Defendants World Institute of Scientology Enterprises, Inc. ("WISE"),
Bridge Publications, Inc. ("BRIDGE"), Church of Scientology Flag Service Organization
("FLAG"), Church of Scientology Mission of Fort Lauderdale, Inc. ("MISSION FtL"),
and Church of Scientology of Florida ("FLORIDA CoS") moved for abatement and
Defendant Religious Technology Center ("RTC") joined that motion all on or about
December 28, 2004 (collectively, "Abatement Requesting Defendants"). [Supported by
Hoffman Decl.,[2] ¶11, Ex. F]

2.      The Court held a hearing on January 6, 2005 and thereafter ordered the
case abated until February 28, 2005 for mediation. [Supported by Hoffman Decl., ¶12,
Ex. G]

3.      Defendant Church of Scientology International, Inc. ("CSI") was served
prior to the January 6, 2005 motion to abate.  Defendants Church of Spiritual Technology
("CST") and Scientology Missions International, Inc. ("SMI") were served after the
motion to abate, but before the mediation.  CSI, CST and SMI took advantage of the
abatement and attended the mediation held on February 11, 2005. [Supported by
Hoffman Decl., ¶13]

4.      Copyright Office records show that there is a recorded exclusive license
wherein PL&A acquired by written contract exclusive rights in all literary works of the
late author Les Dane executed by Ms. Lois B. Dane (and all the children of Les Dane),
and by PL&A, which exclusive license agreement includes the right of enforcement, per
Sections 1, 9 and the signature pages. [Supported by Hoffman Decl., ¶2, Ex. A]

---

[2] "Affidavit of David L. Hoffman In Support of Plaintiff Peter Letterese And Associates, Inc.'s Motion for
Summary Judgment" submitted concurrently herewith.

5.       On or about January 4, 1999, the copyright office issued a renewal certificate of the Les Dane Sales book in the name of PL&A. [Supported by Hoffman Decl., ¶3, Ex. B]

6.       In or about 2003, PL&A brought suit against BRIDGE for interference with the written exclusive license contract and other causes. [Supported by Hoffman Decl., ¶4]

7.       On or about January 27, 2004, attorney David Schindler sent a letter to PL&A attorney Richard Marcus, asserting that Mr. Schindler had been retained by Bridge, CSI and WISE to negotiate. [Supported by Hoffman Decl., ¶5, Ex. C]

8.       On February 13, 2004, Peter Letterese from Florida and Tom Karas from Michigan, on behalf of PL&A, and California attorneys Marcus and David Hoffman, met in Florida with attorney Schindler to negotiate concerning PL&A's allegations that all or virtually all Scientology entities infringed PL&A's exclusive rights. [Supported by Hoffman Decl., ¶6]

9.       On February 27, 2004, attorney Schindler sent a letter to be countersigned by Marcus, which Mr. Marcus signed.   [Supported by Hoffman Decl., ¶7, Ex. D]

10.      On April 8, 2004, PL&A brought a declaratory judgment action in Superior Court in Los Angeles, California, against about 700 does, case no. PC034730. PL&A later named Bridge, WISE and CSI as defendants. [Supported by Hoffman Decl., ¶8]

11.      PL&A sought a declaration that the February 27, 2004 letter was nothing more than a letter, or in the alternative, it was a binding agreement with all entities

affiliated with the Church of Scientology, according to the plain meaning of item 2 that "[t]he parties includ[e] "any entity affiliated with the Church of Scientology" and consistent with previous negotiations and correspondence. [Supported by Hoffman Decl., ¶9]

12.     In the interference with contract action against Bridge referred to in paragraph 4 above, Case No. BC295950 filed May 19, 2003 in Los Angeles Superior Court, plaintiff PL&A moved for summary judgment.  Bridge filed an opposition thereto which  on page 3 included but was not limited to the following admissions:

> On January 21, 2003, Michael Middleton [an agent of defendant
> BRIDGE PUBLICATIONS, INC> (hereinafter "BRIDGE")] told Ms. Richter
> (Lois' daughter) that BRIDGE "wanted to purchase the rights that 'she and
> her family possess under the agreement with Mr. LETTERESE.'"

***

> [Item 4 of the Agreement reads:]  4.  The Dane Parties assign to Bridge all of
> their rights under the PLA Agreement for the life of the PLA Agreement.

[Supported by Hoffman Decl., ¶s 18-19, Exs. L and M]

13.     The nine Defendants that have been served in this action represent all the U.S. entities in this case, and all are affiliated with the Church of Scientology religion by holding or having a right to Scientology trademarks and other Scientology intellectual property, by using Scientology trademarks under license, and/or by receiving royalties from other Scientology entities.  [Supported by Hoffman Decl., ¶s 20-21, Ex. O]

14.     The Scientology Handbook, and official Scientology web sites, list Scientology entities including all Defendants except Church of Spiritual Technology

("CST"). The 1993 agreement between the IRS and Scientology related entities lists CST as a Scientology related entity and CST is a signatory to that agreement, along with CSI, RTC, Scientology Missions International ("SMI") and other Scientology related entities., In the California action, Defendants CSI and BRIDGE insisted that the letter of February 27, 2004 was a binding agreement, and submitted a declaration of David Schindler in support thereof.  [Supported by Hoffman Decl., ¶10, Ex. E]

15.     In the subject action, all the defendants served as of December 28, 2004 made or joined in a motion to "abate" the case for one year, or at least until February 28, 2005 asserting that the February 27, 2005 letter submitted with Mr. Schindler's declaration was a binding agreement.  [Supported by Hoffman Decl., ¶11, Ex. F]

16.     The Court ordered abatement until February 28, 2005, and all parties met for mediation in accordance with the Court Order on February 11, 2005.  [Supported by Hoffman Decl., ¶12, Ex. G]

17.     Defendant CSI was served before the motion to abate and Defendants Church of Spiritual Technology ("CST") and Scientology Missions International ("SMI") were served before the mediation of February 11, 2005, attended the mediation, and benefited from the abatement. [Supported by Hoffman Decl., ¶13]

18.     Defendant WISE provides a course known as the WISE Sales Course for which materials known as "checksheets and skills drills" provided by Defendant WISE, along and for use with the Sales book, are used. [Supported by Hoffman Decl., ¶14, Ex. H]  The student and coach play act various skills drills. [Supported by Hoffman Decl., ¶14, Ex. H]  The checksheet is consumable. [Supported by Hoffman Decl., ¶14, Ex. H]

19.     Even a cursory review of Exhibit H shows that the student is interactively led through the Sales book, with various comments, annotations and adaptations about the Sales book's text. On the first page of Exhibit H, the top states "SALES COURSE." The section called "MATERIALS" states that the materials are "This course pack and the book BIG LEAGUE SALES CLOSING TECHNIQUES." On page v, item 3, the book is again identified and shortened to "BLS." Items 3 through 50 from pages v to vii list pages to read in the BLS book and the various skills drills. [Supported by Hoffman Decl., ¶14, Ex. H]   Although unnecessary to the infringement motion presented, there is also a chart of correspondence between the WISE checksheets and skills drills and the Sales book, showing how the materials themselves are a summary and/or synopsis and/or outline of the Sales book. [Supported by First Amended Complaint, ¶31, Ex. I thereto]

20.     One or more of Defendants WISE, CSI, Scientology Missions International, Church of Scientology Flag Services Office, Church of Scientology Mission Fort Lauderdale, Church of Scientology of Florida, and BRIDGE provide a course known as the Organization Executive Course for which materials known as "checksheets and skills drills" are provided along and for use with the Sales book. [Supported by Hoffman Decl., ¶15, Ex. I] The student and coach play act various skills drills. [Id.] The check sheet is consumable. [Id.]

21.     The student is interactively led through the Sales book, with various comments, annotations and adaptations about the Sales book's text. On the first page of the course materials is the title "ORGANIZATION EXECUTIVE COURSE." On the fourth page, beginning with "Chapter 9" at the top, the student is directed to read Chapters 9 to 13 in order (the titles match the Sales book's chapter 9 to 13 titles), and

drills are provided.  Other sections of the materials discuss the Sales book and provide

drills concerning the Sales book.  [Supported by Hoffman Decl., ¶15, Ex. I]

22.　　One or more of Defendants WISE, CSI, Scientology Missions

International, Church of Scientology Flag Services Office, Church of Scientology

Mission Fort Lauderdale, Church of Scientology of Florida, and BRIDGE provide a

course known as the Professional Registration Course ("Registrars' Course") for which

materials known as "check sheets and skills drills" are provided along and for use with

the Sales book.  [Supported by Hoffman Decl., ¶16, Ex. J]  The student and coach play

act various skills drills.  [Id.]  The checksheet is consumable.  [Id.]

23.　　The student is interactively led through the Sales book, with various

comments, annotations and adaptations about the Sales book's text.  The first page of

Exhibit J shows the title "THE PROFESSIONAL REGISTRATION COURSE."  The

middle of the page states that "The course also includes the technology of sales as

covered in the books *Big League Sales Closing Techniques* and *Strike-It-Rich Sales

Prospecting* by Les Dane...."  The materials are listed at the top of the second page

including the course pack and the Sales book, and the *Strike-It Rich Sales Prospecting*

book.  The page numbered "-4-" at the top has items as follows:

　　　　a.　The night-shift close

　　　　b.　The go-ahead

　　　　c.　The today-only close

　　　　d.　The simple sell close.

These items correspond to sub-headings in Chapter I of the Sales book, and are provided

in the same order in the book (see Sales book's Table of Contents, Ex. N hereto).  The

checksheet materials then refer to drills for chapter 1 of the Sales book. The checksheet then refers to Chapter 2 concerning "The Big League Go-Button" for the Close: How to Find It and When to Push It", and drills for this chapter. The next section refers to Chapter 2 and uses subsection headings from the Sales book. Again drills for Chapter 3 are referenced. Below that is chapter 4. The page numbered 33 at the bottom contains drills which use terminology from the Sales book, and refer to Chapter 1 of the book. The page numbered 46 at the bottom contains drills which use terminology from the Sales book, and refer to Chapter 8 of the book. The page numbered 51 at the bottom contains drills which use terminology from the Sales book, and refer to Chapter 12 of the book. The remaining approximately 45 or more pages of the checksheets and drills for the course undoubtedly cover much of the rest of the Sales book in the same manner as the excerpts attached as Exhibit J hereto. To the best of my knowledge, the undersigned and Plaintiff are not in possession of those pages. However, even the attached excerpts are sufficient to show that the course is a derivative work in that it leads the student interactively through the Sales book, with various comments, annotations and adaptations about the Sales book's text. Moreover, in the absence of Defendants producing a full set of materials for the course and that full set showing no other mention of or relation to the Sales book, it would not be reasonable to deny that there is substantial additional material relating to the Sales book in much the same way as the attached excerpts. [Supported by Hoffman Decl., ¶16, Ex. J]

///

///

///

24.  L. Ron Hubbard's Executive Directive of July 5, 1974 as reissued

October 22, 1982, sets forth how the Sales book is to be used and is incorporated into

several courses.  [Supported by Hoffman Decl., ¶17, Ex. K]

Dated:  March 31, 2005                            Respectfully submitted,

                                                  David L. Hoffman (adm. Pro hac vice 11/18/04)
                                                  LAW OFFICES OF DAVID L. HOFFMAN
                                                  27023 McBean Parkway, Suite 422
                                                  Valencia, California 91355
                                                  Tel. (661) 775-0300
                                                  Fax (661) 259-1255
                                                  dlhpatent@sbcglobal.net

MALIN, HALEY & DiMAGGIO, P.A.
Dale Paul DiMaggio
Florida Bar No. 395,803
dpd@mhdpatents.com
Joseph R. Englander
Florida Bar No. 935565
jre@mhdpatents.com
Local Counsel for Plaintiff
1936 South Andrews Ave.
Ft. Lauderdale, FL 33316

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing PLAINTIFF PETER LETTERESE AND ASSOCIATES, INC.'S STATEMENT OF UNDISPUTED FACTS RE MOTION FOR SUMMARY JUDGMENT was caused to be personally served on the following counsel at the addresses as follows:

Helena K. Kobrin
Moxon & Kobrin
3055 Wilshire Blvd., Suite 900
Los Angeles, CA 90010
Fax: (213) 487-5385
*Attorneys for Defendants World Institute of Scientology Enterprises International, Inc., Bridge Publications, Inc., Church of Scientology Flag Service Organization, Church of Scientology Mission of Fort Lauderdale, Inc., Church of Scientology International, Inc. and Church of Scientology of Florida, and Scientology Missions International, Inc.*

Thomas Meeks
Zuckerman Spaeder LLP
201 South Biscayne Blvd., Suite 900
Miami, FL 33131
Fax: (305) 579-9749
*Attorneys for Defendants World Institute of Scientology Enterprises International, Inc., Bridge Publications, Inc., Church of Scientology Flag Service Organization, Church of Scientology Mission of Fort Lauderdale, Inc., and Church of Scientology of Florida, Church of Scientology International, Inc., and Scientology Missions International, Inc.*

Michael Nachwalter, Esq. and Elizabeth B. Honkonen, Esq.
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Fax: (305) 372-1861
*Attorneys for Defendant Religious Technology Center, Inc.*

On April 1, 2005.

David L. Hoffman
Adm Pro Hac Vice Nov.18, 2004

LAW OFFICES OF DAVID L. HOFFMAN
27023 McBean Parkway, Ste. 422
Valencia, CA 91355
Tel: (661) 775-0300
Fax: (661) 259-1255